JOHN GODDARD *versus* JOHN DEMERRITT *& al.*

Where lumber is delivered on board of a vessel, in accordance with a verbal
bargain for it, and the vendee afterwards takes possession of it, claiming it
as his own, he cannot set up the statute of frauds to defeat an action brought
by the vendor to recover the price agreed upon for it.

ON REPORT.

ASSUMPSIT to recover the price of a lot of lumber alleged
to have been sold and delivered by the plaintiff to the de-
fendants.

The evidence reported, tended to show that the defendants
agreed verbally with the plaintiff for a lot of lumber, to be
shipped from St. John, N. B., to Boston, at fixed prices; that,
accordingly, a lot of lumber was shipped by the plaintiff's
agent, together with 16,600 clapboards, which he wished the
defendants to purchase or dispose of on account of the plain-
tiff, at a given price; that he sent the survey bill to the de-
fendants, and, after its receipt by them, the plaintiff called on
them, and, at their request, made out a· bill of the lumber;
that the vessel, on which the lumber was shipped, was wreck-
ed and a portion of the cargo lost, but, that she was carried
into Provincetown harbor with a part of the cargo; that, at
at that place, the defendants took possession of the remaining
lumber, including the clapboards, claiming it all as their pro-
perty, and disposed of it by sale or converted it to their own
use.

The deposition of Walter F. Dodge was offered as evi-
dence, and was to be considered, if legally admissible.

*Shepley & Dana,* for plaintiff.

*Rand,* for defendants.

The opinion of the Court was announced by

GOODENOW, J.—The defendants cannot succeed in their de-
fence by force of the statute of frauds. The evidence, with-
out the deposition of Dodge, is sufficient to prove that the

lumber sued for, with the exception of the 16,600 clapboards, was put on board the Batavia, for and on account of the defendants.

For this the plaintiff is entitled to recover according to the prices agreed upon; and, for the clapboards saved, so much in addition, as they were worth after the wreck, in the hands of the defendants, deducting salvage and all expenses.

*Defendants defaulted;—damages to be assessed by the Judge at Nisi Prius.*

TENNEY, C. J., RICE, APPLETON, DAVIS and KENT, JJ., concurred.